Good morning. May it please the court. My name is Jesse Lloyd on behalf of Petitioner Joel Escobar Ochoa. As in the prior case, this concerns a foreign national who has been found to be a persecutor of others on account of his work in the police force. This case, of course, however, is in Guatemala and distinct in a number of respects. Most importantly, the designation that his activities are far too attenuated to the persecutory acts of others to be properly designated as assistants in the persecution of others. And so what were those actions and why were they too attenuated? He arrested people in the course of his work as a member of the police force in Guatemala City. Some of those people were tortured. He never took part in the torture. And does he know when he arrests them that some of them will be tortured? It's important to clarify. There's no indication he knew an individual person specifically would be tortured. He was aware, generally speaking, that some of the people he would arrest would be tortured. So he can't predict necessarily, when I arrest person X, he will be tortured. But he did know that some of the people he arrested would be tortured. Exactly, Your Honor. Okay. It's also important to note that What else did he do that might be thought to be assisting within the meaning of the statute? That is primarily it. His roles were arresting people Now, you said primarily. That's a legal word. Is there anything else? I'm thinking, for example, he took statements from people who had been tortured. And those statements, I gather, are being made as a result of the torture. Is that assistance? And he knew that they had been tortured. He talked about how they were beat up and so on. He knew that he was taking statements from people who had been tortured. Is that assisting within the meaning of the statute? I would answer no. It's important to notice. First of all, he does note that, through his testimony, that he realized somewhat after the fact, in many cases, that the testimony, in fact, that he had given may have been false. And so he's not necessarily certain that it's, in fact, been coerced testimony in that respect or that it's false. It's also important to notice that this has to be on account of their political opinions. This was in the context of a civil war. The court has indicated that, for example, the normal activity of a civil war, I recognize torture is not, but the mere arrest of guerrillas is not per se on account of their political opinion. It's also recognized he noticed widespread abuses, which, again, in no way excuses them. But it's important to note that not necessarily all of those abuses, not necessarily all of those statements that were taken were, in fact, elicited on account of the people's political opinion. He noticed, unfortunately, people were beaten if they didn't have proper identification. Unfortunately, he was in a police system where others, though not him, did commit horrible abuses. All of those abuses were even committed on account of a political ground. Let me make sure I understand the argument. Your argument is that even though he might have assisted in some torture, that doesn't come under the persecution bar unless the torture of the individual being tortured was on account of a protected ground, as the statute defines protected ground. So if the person's being tortured because the torturer hates his guts because of some reason, I don't know, some private grudge, the fact that he might have assisted in that torture is not a bar. That's the argument? I do wish to make sure it's clear that the argument is twofold. I'm not necessarily conceding he did assist in torture. However, did he even? Yes, it's important to recognize it is assisting in the persecution of others on account of an enumerated ground. And therefore, yes. I confess that's how I read the statute, that is to say, torture by itself, assisting in torture by itself is not enough. He has to assist in persecution, whether it be torture or other forms of mistreatment, on account of a protected ground. Exactly. So what's your argument as to why this is not on account of a protected ground? What's going on? I mean, who are these people and why are they being tortured? To some degree, the record does not demonstrate because he was not involved in the torture and therefore is not in a position to know specifically why, specifically what the motivation was. And therefore, it's unfortunately simply unclear what the motivation for some of this torture was. Okay. And whose burden of proof is it to show the reason for the torture? Well, if there is an – if the regulations indicate that if the evidence indicates he persecuted somebody on account of political opinion, then it is his inference essentially to rebut that. It is – or, pardon me, his burden to rebut that – that inference. We would argue it simply doesn't get to that point yet. There has been no clear inference he has assisted in the persecution of others on account of their political opinion. And therefore, we don't need to get to that essentially burden shifting. Now, you only get to that point because he hasn't – they haven't shown assisting, because they haven't shown whatever was done wasn't done on account of a protected ground? What are you saying here? Both. He has not been shown to assist in the persecution of others. Now, but you would just put them back together again. You say he's not been shown to assist, period, and you say he's also not been shown to assist, second point, in torture on account of a protected ground. Correct. Well, his assistant – he did not provide assistant – his activities were too attenuated to be designated as assistants. I heard that argument. Yeah, yeah. Okay. Secondarily, his actions, his arresting of suspected guerrillas, do not amount to actions on account of a protected ground. Third, to the degree the court were to find he did assist in the mistreatment of others, the third part of that inquiry is then, again, it's not – there's no indication that he did that based on their political grounds or that necessarily they were abused on account of their political opinion. In other words, they could have been arrested for salt and battery or something. Correct. Or – and I guess I'll – even though they were guerrilla. Correct. Well, it's also important to note our argument is the focus should be on the motivation for his action. He arrested people in the context of a civil war because either they were committing criminal offense such as assault and battery or they were guerrillas and therefore suspected, essentially, of trying to overthrow the government. Those are the actions that he took and those are the motivations that he had. Putting to one side whether he had to have the motivation or merely whether the torturer had to have the motivation, I'll assume for the purpose of this question that his motivation is irrelevant so long as the motivation of the torturer satisfies. I don't ask you to concede that. Okay. But now just looking at whether or not the guerrillas are engaging in protected behavior. Assuming now we're not talking private grudges, we're talking about torturing these people because they are guerrillas. Are the guerrillas engaged in protected behavior? I apologize. Were the guerrillas engaging in protected behavior? The guerrillas are being tortured. Correct. Are the guerrillas being tortured on account of a protected ground? Is that your question? Well, it's partly that, but it's even a simpler question than that. Are they engaged in protected behavior? And once you say they're engaged in protected behavior, I guess you could then ask the question are they being persecuted because of that? But I'm just asking is the behavior of the guerrillas protected under the statute? To the degree that it depends specifically what the guerrillas are doing. And in the sense that if in the context of a civil war, traditional what's considered normal activities is not protected. So in that sense, no. However, I would concede that being arrested and being tortured would rise to the level of persecution on account of political opinion. But I think what I thought we just established that being tortured by itself is not on account of being tortured. It's simply being tortured. So I'm trying to figure out on account of a protected behavior, whether it's simply very bad treatment that rises to the level of persecution or torture, you still need the connection to because of a protected ground. Correct? Correct. So I'm asking you, were the guerrillas who were being tortured, were they engaged in a protected activity? I would answer no. The reason being simply the record, at least at the minimum, the record does not demonstrate that and Mr. Escobar was not in a position to know that. Let's hear from the government. Yeah. Good morning. May it please the Court. My name is Jocelyn Wright. I'm here on behalf of Respondent, the United States Attorney General. I'd like to first clarify there are two petitions for review before the Court. In the first petition, as my co-counsel, opposing counsel has already argued, the issue is whether Mr. Escobar has met his burden of proving that he did not assist or otherwise participate in persecution. And it's important to keep in mind that it is his burden to prove that. And the question before the Court is, does the record compel the conclusion that he did not assist in persecution, given the evidence in this record? And the evidence in this record is, as he readily admits, he was a voluntary employee of the Guatemala National Police Force. In that capacity, he mainly did clerical types of duties for the first four years, three or four years. After the first three or four years, he was transferred to the Sixth Corps. And as part of his duties in the Sixth Corps, he patrolled the streets of Guatemala City, which is the capital, and he also was detailed briefly, it's not clear when precisely during that time period he was detailed, but he was detailed for six months to the UNAPU Consolidated Forces, which was a specialized unit which was specifically for the purpose of tracking down subversives. I'm not here speaking for my colleagues. We've not yet consulted on this question. But for me, I'll have to say that arresting people he knows will be tortured and taking statements from people when the statements are as a result of torture and he knows that they're as a result of torture, that's enough for me to be assisting. The soft spot for me in your case is not whether it was assisting, but whether it was assisting in persecution on account of a protected ground. I mean, what were these guerrillas doing, or who were these people, and what protected behavior were they engaged in? And again, at several points in the record, he testified and he characterized them as subversives. His goal, his specific duty was to look and question for subversives or anyone who was attempting to overthrow the government. So to the extent that that overthrow of the government was politically motivated and the guerrillas were in a civil war trying to effectuate a change in the government because they were motivated by their political opinion, then yes, to some extent I think you can characterize it as a politically motivated act. But we've got a lot of case law coming from the other direction that if I am engaged in armed conflict with the government, against the law of the government, I am not engaged in protected activity. Is that right? There is law to that respect, yes. So to the degree that these guerrillas are engaged in armed conflict with the government, they are not engaged in protected activity, correct? Well, not necessarily, Your Honor, because this Court also has case law, and Miranda Alvarado specifically recognizes this as well in its discussion as to what constitutes on account of a protected ground in addressing this precise question. And it acknowledges that there is case law, at least in the context of asylum, where so long as the motivation is motivated in part by a protected ground, that is sufficient to establish the necessary link. It doesn't have to be motivated solely on account of a protected ground. So long as the protected ground plays a part in the motivation, that is sufficient. Yeah, okay. But I confess I'm having trouble with figuring out what has to be shown and who has to show. Well. That this is protected activity that is the basis for the torture. Well, in this case. Can you help me out here? In this case, the regulations say that the definition of refugee specifically excludes a person who has assisted or participated in torture on account of a political opinion. I understand. No, it doesn't say that. It says on account of race, religion, national, political, but okay. Okay. And so once that, in the context of the hearing before the immigration judge, once the evidence indicates that the person did assist or participate, then it is up to that person to show that he did not do that. And that includes all of those prongs. But that's the question of participation. Does the evidence also have to show before the burden shifts? Yes. Oh, no. Excuse me. Sorry. Because it's a complex thing that has to be shown. It's a multi-factor thing. Not only did you participate, but that the behavior in which you participated was persecution on account of a protected ground. So is the initial burden on the government to show that the behavior that they were engaged in was protected? No. No? Why not? I think that's part of the burden on petitioner to. . . The government has no burden whatsoever to show that they were engaged in protected. . . Not once the evidence indicates that there was participation in persecution. But persecution entails necessarily protected ground. I don't think that the government has any burden in the sense that there is an evidentiary burden of proof to be imposed. Once the evidence showed or suggested that there was a political motivation, then the burden is on the petitioner to say, no, this was not persecution. Political motivation on whose part? On the participation in persecution and torture. Is political motivation on the part of the person being tortured? No. Okay. I think so long as the . . . Oh, I see what you're saying. You're concerned more with whose political opinion are we dealing with, the persecutor or the . . . I hope I'm being clear. I'm trying to figure out, are these people being tortured engaged in protected activity? Because if they're not engaged in protected activity, he can participate in their murder and he's not assisting within the meaning of the statute. He may be a very bad person and there may be all kinds of reasons we don't want him here. But the persecution assisting bar doesn't bar him. And I think, and I understand the concern, Your Honor. But I think what happens here in the context of an actual hearing is once there is evidence at all that there is any kind of political, I'm sorry, any kind of persecution or torture, then the burden shifts to the petitioner to show that, no, it was not assistance, it was not persecution, and it was not on account of a protected grant. Why couldn't you simply infer for purposes of the burden shifting that the fact that the person subject to torture were guerrillas? And to some extent I think you can, especially given Miranda Alvarado and the line of cases that say so long as there was even a little bit of a political component, that's sufficient to satisfy the test under this Court's law. And in this case, he has never, as far as I know, never actually denied that it was on account of a political opinion. He simply says that I wasn't doing it for my political opinion. He was doing it for criminal prosecutions. But I do take issue with the suggestion that he didn't know what the motivations were or what the outcome was, because according to his own testimony, he was in a perfect position to find out what happened after the torture and what the purpose of the torture was, because he took down the statements that were a result of that torture. Yeah, yeah, yeah. That's not the soft spot for me, I understand. And so to the extent that he's suggesting that he didn't know or that the evidence here is not clear, I think that cancels for a ruling in favor of the government, because under the substantial evidence standard, even if the record is equivocal, then you have to rule against Petitioner, because the record cannot compel the one single conclusion that he is advocating. Now, unless the Court has any further questions on that, I'd like to move on briefly to the second petition for review, which was the issue of whether or not the Court has jurisdiction to review the Board's denial of reconsideration relating to the voluntary departure issue. And our position in the brief, as we briefed, is that the Court lacks jurisdiction completely over the second petition for review, and it should be dismissed. And it's a little bit of an extension of the Fernandez case, Fernandez v. Gonzalez, where this Court held that regardless of the procedural posture of the case coming before this Court in a motion to reopen or a motion to reconsider, if the underlying relief that's being sought is one that was denied solely in the discretion, then this Court lacks direct jurisdiction to review that, regardless of whether or not it's a motion to reopen or in direct review. And that's precisely what the case is here. Throughout his motion to reopen and motion to reconsider proceedings, the only issue that he has been actively pursuing is the grant of voluntary. He wants to reopen so that he can reapply for voluntary departure again. Voluntary departure was denied solely as a discretionary matter because he is, he was found to be an assistant in persecutor. As I understand the law on this one, the difference between whether or not we affirm on the merits or dismiss because there's no jurisdiction is on the motion for reopening, the question is whether or not he's bringing in new arguments. And if he's bringing in the same old arguments, that's clearly, we have no jurisdiction. But if he's bringing in new arguments that really would quite transform his argument in favor of voluntary departure, I think our law is that we then review for abuse of discretion, but on the merits, whether or not there should have been a reopening. Am I stating the law correctly? I'm about to run out of time, but I'd like to answer your question, Your Honor. I think that would be the issue had this been a motion to reopen. But the petition for review was not from the July denial of the motion to reopen. It was from the October denial of the motion to reconsider the denial of reopening. So it's even several steps removed from that. And the only issue with respect to the October denial of reconsideration is whether or not he had, whether or not the Board properly denied reconsideration of voluntary departure in the previous case. All right. Thank you. One minute. Thank you, Your Honors. Let me ask you before you get into your one minute, or maybe I guess this part counts as part of the one minute. The government has said, you know, you've not really raised this issue as to whether or not the guerrillas were engaged in protected activity. Did you raise this in your brief? You certainly raised it standing up here, but did you raise it in your brief? We did perhaps not phrase it in the same way. There is a clear section indicating that the activity was not on, there was no nexus. Whose nexus? For him or for the activity of the guerrillas, the torturers? Guerrillas and the alleged torturers. Okay. Again. You could say he didn't intend to, he, any torturing on his part wasn't on account or any assistance, you know, was not on account of. The focus is primarily within, again, has been asserting that it was on his. It's evident, though, again, throughout the record that he's not, I would say it also goes to our attenuation argument in that if his activities are not even geared towards the same aims as the torturers, it further underscores that his activity is too attenuated to be considered assistance in the persecution of others. I would also briefly like to point the court to the immigration judge's analysis regarding the political opinion. It's incredibly brief, and it is, of course, ultimately what the judge will or will not be deciding. It simply says his testimony about the fear of guerrillas indicates that he did arrest a guerrilla, did arrest a guerrillas who are the political opponents of police. That's the extent of it. And that, again, indicates how far the leap has to go to indicate he is assisting in the persecution of others. Okay. I would also just like to briefly address the concerns regarding the motion to reconsider. I think that's all set out in the brief, so I wouldn't worry about that. Okay. Thank you, Your Honor. Thank you very much. The case of Escobar-Ochoa v. Holder is now submitted for decision.
judges: Hall, Fletcher W. , Paez